# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SORCE,<br><br>　　　　　　　Plaintiff,<br>vs.<br>JAY JOSEPH DOUCET,<br><br>　　　　　　　Defendant. | CASE NO. 15cv1423-LAB (NLS)<br><br>**ORDER OF DISMISSAL** |

  Joseph Sorce brought this personal injury lawsuit against his physician, Jay Joseph Doucet, for allegedly botching his surgery. (Docket no. 1.) He alleges Dr. Doucet is employed by the University of California, San Diego. (*Id.*) In the space on the civil cover sheet for this case where Sorce was to "cite the U.S. civil statute under which you are filing," he wrote "civil rights personal injury health care," without citing any statute. (*Id.*) While he doesn't allege his citizenship, Sorce's filings in this case list a California address. (*See, e.g.,* Docket no. 3.) Sorce didn't pay the civil filing fees required by 28 U.S.C. § 1914(a) to commence a civil action; instead he has filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (Docket no. 2.)

  The motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the

proposed complaint that the action is frivolous or without merit."  *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quotation omitted).

Federal courts are courts of limited jurisdiction, and may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Original federal subject matter jurisdiction may be premised on two bases: (1) federal question jurisdiction, and (2) diversity jurisdiction."  *Brooks v. Legislative Bill Room*, 2010 WL 2106475, at *2 (E.D. Cal. May 25, 2010).  "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (citation omitted).  Even where no party disputes that federal jurisdiction is proper, the Court has an "independent obligation" to determine whether subject matter jurisdiction exists.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Sorce's allegations against Dr. Doucet do not raise a federal question.  *See* 28 U.S.C. § 1331.  Rather, he alleges a personal injury case which would have to be brought under California state law.  *Cf. Long Jaw v. Young*, 2011 WL 1468370, at *3 (D. Mont. Mar. 15, 2011).  Nor does Sorce allege that his citizenship is diverse from the citizenship of Dr. Doucet.  *See* 28 U.S.C. § 1332.  Indeed, his filings demonstrate that he and Dr. Doucet are both California residents.  Thus, the Court lacks jurisdiction over Sorce's claims and this case is **DISMISSED WITHOUT LEAVE TO AMEND**.  While Sorce's case was improperly filed in federal court, that doesn't necessarily mean his case lacks merit.  It merely means that, if Sorce chooses to pursue his claims against Dr. Doucet, he must do so in state court.

**IT IS SO ORDERED**.

DATED: July 8, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge